UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

OSCAR R. S.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C24-1137-BAT

**ORDER AFFIRMING AND DISMISSING THE CASE**

Plaintiff appeals the ALJ's November 9, 2023 decision finding him not disabled. In 2021, Plaintiff filed applications for disability insurance benefits and supplemental security income. After conducting a hearing in August 2023, the ALJ issued a decision finding Plaintiff's lumbar degenerative disc disease and lumbar degenerative joint disease are severe impairments; Plaintiff retains the residual functional capacity (RFC) to perform medium work limited to occasionally climbing ladders, ropes, and scaffolds; and Plaintiff is not disabled because he can perform past relevant work as a customer service representative. Tr. 17-30.

Plaintiff contends the Court should remand his case for further administrative proceedings because the ALJ erroneously discounted the opinions of Greg Martinez, M.D. and Myrna Palasi, M.D. and this error resulted in an RFC determination that fails to account for all of Plaintiff's limitations. The Commissioner disagrees and argues the ALJ properly evaluated both

ORDER AFFIRMING AND DISMISSING THE CASE - 1

doctors' opinions, and even if the ALJ had adopted their opinions Plaintiff is limited to sedentary work, that limitation still supports the ALJ's step-four finding Plaintiff can perform past relevant work and is not disabled.

The Court may reverse the ALJ's decision only if it is not supported by substantial evidence or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court may not reverse the ALJ's decision if an error is harmless. *Id.* at 1111. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up). When the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's conclusion. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Court has applied these standards to this case and for the reasons below **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## DISCUSSION

Plaintiff contends the ALJ erroneously discounted the opinions of Drs. Martinez and Palasi. The ALJ noted, in February 2023, Dr. Martinez opined Plaintiff was limited to sedentary work with marked limitations in his ability to perform basic work activities such as sitting, standing, walking, lifting, reaching, and crouching. Tr. 27. The ALJ discounted this opinion finding the limitation to sedentary work is "out of proportion to the longitudinal record." *Id.* In specific the ALJ found imaging showed degenerative changes and intermittent abnormal physical findings that support the ability to perform medium work; Plaintiff has normal gait and normal neurological findings; Plaintiff's statements suggest he worsened after a car accident but improved with physical therapy; Plaintiff frequently has a benign presentation that is inconsistent with his pain complaints; Plaintiff made statements that "detract" from his reliability; and

1  Plaintiff failed to pursue treatment recommendations. *Id.*

2      The ALJ was required to articulate the persuasiveness of each medical opinion, 3 specifically with respect to whether the opinions are supported and consistent with the record. 4 *See* 20 C.F.R. § 404.1520c(a)-(c). An ALJ's consistency and supportability findings must be 5 supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

6      Plaintiff contends the ALJ erroneously failed to "articulate supportability" findings 7 regarding Dr. Martinez's opinion. Dkt. 9 at 7. The consistency and supportability findings are 8 two distinct factors that should be treated separately. *See Woods* at 32 F.4th at 792-94 & n.4. 9 Thus, even assuming the ALJ erred in failing to make supportability findings, the error is 10 harmless, because the ALJ properly found Dr. Martinez's opinions is not consistent with the 11 longitudinal record.

12      Plaintiff also contends the ALJ's consistency findings are erroneous because the ALJ 13 made a "blanket statement about testing which fails to articulate the severity of those 14 degenerative changes and the ALJ did not explain how the purported severity does not support a 15 sedentary RFC in combination with treatment notes." Dkt. 9 at 8. This is a conclusory argument 16 and thus insufficient to establish the ALJ harmfully erred. *See Ve Thi Nguyen v. Colvin,* No. 17 C13-882 RAJ-BAT, 2014 WL 1871054 at * 2 (W.D. Wash., May 8, 2014) (unpublished) citing 18 *Vandenboom v. Barnhart*, 421 F.3d 745, 750 (8th Cir. 2005) (rejecting conclusory assertion ALJ 19 failed to consider if claimant met Listings because claimant provided no analysis of relevant law 20 or facts. Plaintiff carries the burden of showing the ALJ committed harmful error and the Court 21 finds Plaintiff's argument fails to show error. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th 22 Cir. 2012).

23      The Court also notes Plaintiff's argument focuses on the ALJ's finding regarding the

ORDER AFFIRMING AND DISMISSING THE CASE - 3

imaging results and mentions treatment notes. The ALJ reviewed Plaintiff's imaging results and treatment notes in addressing Plaintiff's testimony and found Plaintiff's testimony regarding the severity of his symptoms was not consistent with the medical evidence. Tr. 23-26. Plaintiff has not challenged this determination and has not articulated in his briefing why or how the ALJ's findings are erroneous.

Plaintiff's argument that the ALJ erred also does not address the other reasons the ALJ gave in discounting Dr. Martinez's opinions such as the ALJ's finding Plaintiff's condition improved with therapy; Plaintiff made conflicting statements,[1] and Plaintiff did not pursue recommended treatment.[2] These reasons have not been challenged and the Court accordingly affirms the ALJ's determination to discount Dr. Martinez's opinions.

Plaintiff also challenges the ALJ's assessment of Dr. Palasi's opinion. The ALJ noted Dr. Palasi is a non-examining consulted who reviewed records from Community Health of Snohomish County and opined Plaintiff was limited to sedentary work. Tr. 27. The ALJ noted Dr. Palasi did not examine Plaintiff or review updated records and discounted Dr. Palasi's opinions for essentially the same reasons the ALJ discounted Dr. Martinez's opinions: the doctor's opinion is out of proportion to the longitudinal record which includes normal findings on physical examination, normal gait with normal neurological findings, statements of the claimant that he worsened after a car accident but improved with physical therapy, Plaintiff's benign presentation that does not corroborate his pain complaints, statements Plaintiff made that detract from his reliability and Plaintiff's failure to pursue recommended treatment. Tr. 28.

---

[1] The ALJ discounted Plaintiff's testimony on the grounds Plaintiff made inconsistent statements about his fentanyl and methamphetamine use. Tr. 26.

[2] The ALJ found Plaintiff's medical records during the relevant period showed little ongoing treatment for hip and spinal conditions, and that Plaintiff "did not seek treatment by physiatry despite medical advice to do so (9F3)."

ORDER AFFIRMING AND DISMISSING THE CASE - 4

Plaintiff again argues the ALJ erred by failing to articulate the supportability of the doctor's opinion. As discussed above this is a harmless error because the ALJ made consistency findings that are supported by substantial evidence. Plaintiff argues the ALJ's consistency finding is erroneous because the ALJ failed to address how Dr. Martinez's opinion is consistent with Dr. Palasi's opinion. Dkt. 9 at 8. This argument fails because as discussed above, the ALJ properly discounted Dr. Martinez's opinion.

Plaintiff further argues the ALJ's evaluation of the record is erroneous because the ALJ "cherry-picked" evidence to support his determination to discount the medical opinions. Plaintiff however fails to support this argument, and thus fails to show that the only reasonable interpretation of the record is it supports disability, contrary to the ALJ's finding to the contrary. Even when the evidence is susceptible to more than one rational interpretation, this Court is required to uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir.2008).

The Court thus affirms the ALJ's assessment of Dr. Palasi's opinions.

Additionally, the Commissioner correctly argues that even assuming the ALJ had accepted the opinions of Drs. Martinez and Palasi that Plaintiff is limited to performing sedentary work, the ALJ's finding Plaintiff can perform past relevant work and is not disabled is supported. Plaintiff argues otherwise contending the ALJ's assessment of the doctors' opinions stripped him of the right to be found disabled at step-five under the Medical Vocational Guidelines (Grids) based upon his age.

Plaintiff's argument is unpersuasive. The ALJ found at step-four Plaintiff could perform past relevant work as a customer service representative which is work categorized as sedentary. Tr. 29. Hence, had the ALJ adopted the opinions of Drs. Martinez and Palasi, the ALJ would

have reached the same outcome: Plaintiff can perform his past relevant work and is not disabled. Once the ALJ made the step-four finding Plaintiff can perform his past relevant work, the disability inquiry ends, and the ALJ does not proceed to step-five to address the Grids. *See e.g.* 20 C.F.R. § 404.1560 (3) ("If we find that you have the residual functional capacity to do your past relevant work, we will determine that you still can perform do your past relevant work and are not disabled. We will not consider your vocational factors or age, education, and work experience or whether your past relevant work exists in significant numbers in the national economy."); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) ("If a claimant is found to be "disabled" or "not disabled" at any step in the sequence, there is no need to consider subsequent steps.").

The Court accordingly affirms the ALJ's assessment of the opinions of both Dr. Palasi and Dr. Martinez and affirms the Commissioner's final decision. The Court further finds that even if the ALJ erred in failing to accept the doctors' opinions that Plaintiff is limited to sedentary work, the error is harmless as discussed above.

**CONCLUSION**

For the foregoing reasons, the Commissioner's decision is **AFFIRMED,** and this case is **DISMISSED** with prejudice.

DATED this 11th day of December, 2024.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER AFFIRMING AND DISMISSING THE CASE - 6